The Honorable Jerry Allison State Representative 26 CR 744 Jonesboro, Arkansas 72401-9563
Dear Representative Allison:
This official Attorney General opinion is rendered in response to certain questions you have raised concerning local police retirement system boards and the deferred retirement option plan ("DROP").
You have asked:
 (1) Does an incumbent continue to serve on the police retirement board if there is no opponent, and until such time as there is an opponent?
 (2) Does the board have the authority to vote to discontinue participation in the DROP program for future retirees and subsequently vote the program back in?
 (3) Is a majority vote sufficient to discontinue future participation in the DROP program for future retirees?
RESPONSE
Question 1 — Does an incumbent continue to serve on the police retirementboard if there is no opponent, and until such time as there is anopponent?
It is my opinion that elected members of local police retirement boards[1] continue to serve until such time as their successors are elected and qualified.
This question is governed by A.C.A. § 24-11-405, which states in pertinent part:
24-11-405. Board of trustees.
 (a) The board of trustees of the policemen's pension and relief fund shall consist of seven (7) members, as follows:
 (1) The chief executive officer of the city, who shall be chairman of the board;
(2) The city treasurer, who shall be the treasurer of the fund;
(3)(A)(i) Four (4) active or retired members of the pension fund;
 (ii) The active pension fund members shall elect the active members by secret written ballot in May of each year, with the member or members to be chosen in alternating years. The retired member or members shall be chosen in May of each year, by a method to be determined by the board, with the member or members to be chosen in alternating years. All member trustees shall serve two-year terms;
 (iii) If there are no active members of the pension fund, all four (4) employee members shall be elected from and by the retired membership of the pension fund;
* * *
 (4) The six (6) members provided for in subdivisions (1)-(3) of this subsection shall elect one (1) more member who shall be a reputable physician and who shall represent the board of trustees in the examination of any member of the department upon a claim of disability;
* * *
 (b) The police officer members and the physician representative of the board shall serve for a period of two (2) years or until their successors are elected and qualified.[2]
A.C.A. § 24-11-405 (emphasis added).
It is my opinion that Section (b) of the above-quoted statute directly answers your question. (I interpret the phrase "police officer members," as used in that section, to refer to both the elected active members of the board and the elected retired members of the board.) Under the plain language of Section (b), elected members who are unopposed may continue to serve on the board until such time as a successful opponent is elected and qualified.
Question 2 — Does the board have the authority to vote to discontinueparticipation in the DROP program for future retirees and subsequentlyvote the program back in?
It is my opinion that the board does not have the authority to make a blanket decision to discontinue all future participation in the DROP program. Under state law, the board must either approve or disapprove participation in the program on a case-by-case basis. See Op. Att'y Gen. No. 94-040.
The deferred option plan for police officers is set forth in A.C.A. §24-11-434, which states in pertinent part:
24-11-434. Deferred retirement option plan.
 (a)(1) In lieu of terminating employment and accepting a service retirement pension pursuant to § 24-11-401 et seq., any police officer who is a member of a policemen's pension and relief fund who has not less than twenty (20) years of credited service and who is eligible to receive a service retirement pension may elect to participate in the Arkansas Police Officers' Deferred Option Plan and defer the receipt of benefits in accordance with the provisions of this section, provided that the local policemen's pension and relief fund board of trustees approves the participation in the plan.
A.C.A. § 24-11-434(a)(1) (emphasis added).
I interpret the approval requirement, quoted and highlighted above, to refer to the board's approval of individual officers' requests to participate in the program, rather than to all officers' participation in the program. This interpretation is based, first, upon the fact that the approval requirement is a proviso to a sentence that refers only to individual officers' requests for participation. Second, this interpretation is based upon the fact that the program is created by state law, as is the right of individual officers at least to request
participation in the program. The statute creating the program does not grant local boards the option of deciding whether their entire police forces may participate in the program or not. Rather, the statute only grants the boards the authority to determine, on a case-by-case basis, whether individual officers may participate in the program.
For this reason, I conclude that the board may not vote to discontinue, on a blanket basis, participation in the program for future retirees. It is therefore unnecessary for me to reach the question of whether the board can later reinstate the program.
Question 3 — Is a majority vote sufficient to discontinue futureparticipation in the DROP program for future retirees?
In light of the response to Question 2, response to Question 3 is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] You have not specified whether your question refers to a local retirement system board, or to the board of the Arkansas Local Police and Fire Retirement System, created by A.C.A. § 24-10-201. I assume that your question refers to a local board, because of its reference to the election of members. (Members of the board of the Arkansas Local Police and Fire Retirement System are appointed.) In any event, it should be noted that my response to this question would be the same regardless of which board were at issue.
[2] Compare the provisions of A.C.A. § 24-10-201, which governs the term lengths of members of the board of trustees of the Arkansas Local Police and Fire Retirement System, stating: "Each trustee shall continue to serve as trustee until a successor is appointed and has qualified." A.C.A. § 24-10-201(b)(2).